[Cite as *Centro Midway L.L.C. v. Xanadu Group Inc.*, 2011-Ohio-3338.]

| | | | |
|---|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS | |
| | )ss: | NINTH JUDICIAL DISTRICT | |
| COUNTY OF LORAIN | ) | | |

CENTRO MIDWAY LLC

    Appellee

    v.

XANADU GROUP INCORPORATED

    Defendant

    v.

DENNIS BLECHSCHMID, et al.

    Appellants

C.A. No.     10CA009857

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     09CV163614

DECISION AND JOURNAL ENTRY

Dated: July 5, 2011

BELFANCE, Presiding Judge.

**{¶1}** Defendants-Appellants Dennis and Marilu Blechschmid appeal pro se from the judgment of the Lorain County Court of Common Pleas. For the reasons set forth below, we affirm.

I.

**{¶2}** On March 13, 2009, Plaintiff-Appellee Centro Midway LLC ("Centro") entered into a commercial lease agreement with Defendant Xanadu Group Incorporated ("Xanadu") for a store in Midway Mall. The terms of the lease were to extend through

May 2019. Mr. and Ms. Blechschmid signed a guaranty agreeing to guaranty all of Xanadu's obligations under the lease.

{¶3} On August 6, 2009, Centro sent Xanadu and Mr. and Ms. Blechschmid a notice of default based upon the failure to open the store. The default was not cured. On August 18, 2009, Centro sent another notice of default, a termination of the lease, abandonment of personal property, and acceleration of rent. On August 24, 2009, Centro filed a complaint for monetary damages alleging that Xanadu and Mr. and Ms. Blechschmid breached the lease and guaranty causing Centro damages. Subsequently, Xanadu and Mr. and Ms. Blechschmid filed an answer. Centro moved for summary judgment. Xanadu and Mr. and Ms. Blechschmid moved for an extension of time to file a brief in opposition, which was granted. Nonetheless, Xanadu and Mr. and Ms. Blechschmid failed to file a brief in opposition and thus, Centro's motion for summary judgment went unopposed. The trial court granted summary judgment against Xanadu and Mr. and Ms. Blechschmid in the amount of $1,046,661.75, plus interest at the statutory rate, and costs. Mr. and Ms. Blechschmid have appealed pro se raising a single assignment of error for our review.

II.

ASSIGNMENT OF ERROR

"THE TRIAL COURT'S DECISION GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶4} Mr. and Ms. Blechschmid raise the same assignment of error and assert identical arguments. They assert that the trial court erred in granting summary judgment as it relied on improper summary judgment evidence. We disagree.

{¶5} This Court reviews an award of summary judgment de novo. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105. We apply the same standard as the trial court, viewing the facts in the case in the light most favorable to the non-moving party and resolving any doubt in favor of the non-moving party. *Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App.3d 7, 12.

{¶6} Pursuant to Civ.R. 56(C), summary judgment is appropriate when:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327.

To succeed on a summary judgment motion, the movant "bears the initial burden of *demonstrating* that there are no genuine issues of material fact concerning an essential element of the opponent's case." (Emphasis sic). *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292. If the movant satisfies this burden, the non-moving party "'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 293, quoting Civ.R. 56(E). Nonetheless, "as the burden is upon the moving party to establish the non-existence of any material factual issues, the lack of a response by the opposing party cannot, of itself, mandate the granting of summary judgment." *Morris v. Ohio Cas. Ins. Co.* (1988), 35 Ohio St.3d 45, 47.

**{¶7}** The heart of Mr. and Ms. Blechschmid's argument is that the trial court erred by relying on improper summary judgment evidence in violation of Civ.R. 56 in granting Centro's motion. Civ.R. 56(C) limits the evidence that may be considered in support of or in opposition to a motion for summary judgment to "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action[.]" Civ.R. 56(E) provides in pertinent part that:

> "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated in the affidavit. Sworn or certified copies of all papers or parts of papers referred to in an affidavit shall be attached to or served with the affidavit."

"Unauthenticated documents and affidavits not based on personal knowledge have no evidentiary value and should not be considered by the court in deciding whether summary judgment is appropriate." (Internal quotations and citation omitted.) *Cheriki v. Black River Industries, Inc.* 9th Dist. No. 07CA009230, 2008-Ohio-2602, at ¶6. "Nonetheless, this Court has held that unless the opposing party objects to the admissibility of improper evidence, the trial court may, but need not consider the evidence." (Internal quotations and citation omitted.) Id.

**{¶8}** In the instant matter, even assuming without deciding that all the evidence Mr. and Ms. Blechschmid point to was improper summary judgment evidence, Mr. and Ms. Blechschmid did not object to its admissibility, and, in fact, even failed to file a brief in opposition. Thus, the trial court was free to consider all the evidence before it in

making its ruling. See id. Accordingly, Mr. and Ms. Blechschmid's argument presented on appeal is without merit.

{¶9} Further, Mr. and Ms. Blechschmid have not pointed to any disputed issues of material fact. We conclude that viewing the evidence in a light most favorable to Mr. and Ms. Blechschmid, Centro presented evidence to establish that Xanadu "entered into a [l]ease and [r]ider dated March 13, 2009, with [Centro,]" that Mr. and Ms. Blechschmid entered into a guaranty whereby they "unconditionally guaranteed to [Centro] all of the obligations of Xanadu under the [l]ease[,]" that there was a failure to perform the obligations under the lease and guaranty resulting in the issuance of notices of default, that Centro "satisfied all of its obligations and promises under the [l]ease and [g]uaranty[,]" and that Centro's resulting damages exceeded one million dollars. That evidence was unchallenged in the trial court. Thus, as Mr. and Ms. Blechschmid were unconditional guarantors of the lease, which was in default, and there was no evidence presented that would lead to the conclusion that they were not liable, we cannot say that the trial court erred in awarding judgment against Mr. and Ms. Blechschmid. See *Mihalca v. Malita* (Apr. 12, 2000), 9th Dist. No. 19395, at *4 (noting that "the guarantor is only liable on the absolute guaranty upon the default of the primary debtor[]"); see, also, *Comstock Homes Inc. v. Smith Family Trust*, 9th Dist. No. 24627, 2009-Ohio-4864, at ¶14. Accordingly, we cannot say the trial court erred in granting summary judgment to Centro. Mr. and Ms. Blechschmid's assignment of error is overruled.

III.

**{¶10}** In light of the foregoing, we affirm the judgment of the Lorain County Court of Common Pleas.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

_____
EVE V. BELFANCE
FOR THE COURT

CARR, J.
DICKINSON, J.
CONCUR

APPEARANCES:

DENNIS BLECHSCHMID, pro se, Appellant.

MARILU BLECHSCHMID, pro se, Appellant.

ALAN P. DIGIROLAMO and MICHAEL J. MATASICH, Attorneys at Law, for Appellee.

ROBERT CABRERA, Attorney at Law.